UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, | No. 2:23-cv-00574-KJM-KJN |
| Plaintiff, | |
| v. | AMENDED FINDINGS AND RECOMMENDATIONS; ORDER |
| ASTIKA LATA, | |
| Defendant. | |

On March 18, 2024, the undersigned issued findings and recommendations on plaintiff North American Company for Life and Health Insurance's ("plaintiff") motion for default judgment against defendant Astika Lata ( "defendant") and ordered the clerk's office to assign a district judge to this matter.[1]  (ECF No. 20.)  On March 28, 2024, plaintiff filed objections in which plaintiff informed the court that the findings and recommendations referred to an incorrect subject life insurance policy number.  The court apologizes for the inconvenience caused by this clerical error.

---

[1] This motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Local Rule 302(c)(19). The parties are advised that Judge Newman retired in February 2024.  The undersigned is issuing this order in the interests of judicial economy during the interim period between Judge Newman's retirement and the incoming magistrate judge's arrival.

1

On its own motion, the court hereby withdraws the findings and recommendations issued March 18, 2024, ECF No. 20, and issues these amended findings and recommendations on plaintiff's motion for default judgment (ECF No. 14). [2] In so doing, the court does not vacate or modify the part of the court's decision directing the clerk's office to assign a district judge.

For the reasons discussed below, the court recommends that plaintiff's motion for default judgment be GRANTED.

I. Background

Plaintiff is an Iowa corporation with its headquarters and principal place of business in Iowa and is a citizen of Iowa. (ECF No. 1 at ¶ 1.) Defendant is an individual and a citizen of California. (Id. at ¶ 2.) Plaintiff filed this action on March 27, 2023, seeking rescission and declaratory judgment of a life insurance policy on the life of policyholder Saiyad Ali ("policyholder"), on which defendant was listed as the sole primary beneficiary. (See id. at ¶¶ 3, 6). Plaintiff alleges that it issued the insurance policy upon reasonable reliance on false responses, misrepresentations, and/or omissions made in the application. (Id. at ¶¶ 19, 33.)

A. Policy Application

The life insurance policy application was completed and submitted on April 5, 2022. (Id. at ¶¶ 19-20). The email address provided on the application to receive communications regarding the application and the policy was lata2426@gmail.com. (Id. at ¶ 15.) The application set forth a series of questions relevant to the policyholder's insurability. (Id. at ¶¶ 7-13.) Specifically, the application ask whether, in the past twelve months, the policyholder had been diagnosed with a medical condition, had been proscribed treatment, or been admitted to a hospital. (Id. at ¶¶ 8, 10, 12.) The policyholder responded to each of these questions in the negative, indicating that he had not been diagnosed with a medical condition, had not been proscribed treatment, and had not been admitted to a hospital in the past twelve months. (Id. at ¶¶

---

[2] Per the court's November 13, 2023 order, plaintiff re-noticed the motion for default judgment on November 14, 2023. (ECF Nos. 15, 16.) After defendant failed to file an opposition to the motion in accordance with Local Rule 230(c), the motion was submitted on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 18.)

9, 11, 13.)  The application was electronically signed with the policyholder's name., i.e., "Saiyad Ali." (Id. at ¶ 18).  The initial premium was paid by credit card. (Id.)

On April 5, 2022, plaintiff issued the life insurance policy, policy number LB42209912, on the life of the policyholder as the owner and insured in the face amount of $100,000 . (Id. at ¶¶ 3, 19).  The policyholder died on April 13, 2022, eight days after the application was completed and within the policy's contestable period.  (Id. at ¶ 24).

B.  Policyholder's Death and Defendant's Claim for Death Benefit

After the policyholder's death, defendant, as the primary beneficiary under the policy, made a claim for the policy's death benefit.  (Id. at ¶ 25).  Plaintiff undertook a routine death claim investigation, during which plaintiff discovered that the policyholder's state of health was in critical condition at the time the application was submitted to plaintiff, rendering the responses to Questions 9, 12, and 15 false.  (Id. at ¶¶ 26, 27,  30).  The email address provided in the policyholder's application, to which the policy was delivered, was defendant's personal email address.  (Id. at ¶ 31).

The false responses, misrepresentations, and/or omissions made in the application for the policy materially affected the acceptance of the risk and/or hazard assumed by plaintiff.  (Id. ¶ 33).  Plaintiff alleges that it would have declined coverage had it known the true facts pertaining to Ali's medical and health history, including the true answers to Questions 9, 12, and 15 on the application for the policy.  (Id. at ¶ 32).

C.  Instant Action

On November 22, 2022, plaintiff notified defendant that it was denying her claim related to the policy and that plaintiff was entitled to rescind the policy because it would not have issued the policy if truthful responses had been provided to questions about policyholder's medical and health history on the application.  (Id. at ¶ 34).  Plaintiff never received the signed agreement that it requested from defendant, which was necessary to confirm rescission of the policy.  (Id. at ¶ 35).

Because defendant did not respond to plaintiff's request to rescind the policy, defendant filed its complaint for rescission and declaratory judgment on March 27, 2023.  (See generally,

id.) Prior to filing this complaint, plaintiff tendered a full and complete refund of all premiums, plus interest, paid on the policy to defendant via a check to her in the amount of $42.17. (Id. at ¶ 36). On September 12, 2023, defendant contacted counsel for plaintiff indicating she had received plaintiff's tender of the premiums paid on the policy. (Clare Declaration, ECF No. 14-2, ¶ 10.)

On June 5, 2023, defendant was personally served with copies of the summons, civil cover sheet, complaint, initial scheduling order, magistrate judge consent, and notice of availability voluntary dispute resolution. (ECF No. 11.) When defendant failed to make an appearance or respond to plaintiff's complaint, plaintiff sought a clerk's entry of default against defendant pursuant to Fed. R. Civ. P. 55. (ECF No. 12.) The clerk of court entered default against defendant on August 25, 2023. (ECF No. 13.) To date, defendant has neither appeared in this case nor filed a responsive pleading to plaintiff's complaint.

II.     Legal Standard – Default Judgment

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative

complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

### III. Discussion

#### A. Jurisdiction and Service of Process

In considering whether to enter default judgment, a district court must first determine whether it has jurisdiction over the subject matter and the parties to the case. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999).

##### 1. Subject Matter Jurisdiction

In its complaint, plaintiff asserted the existence of diversity jurisdiction. (ECF No. 1 at ¶ 4, citing 28 U.S.C. § 1332.) In declaratory judgment actions concerning whether an insurance policy is in effect or has been terminated, the policy's face amount is the measure of the amount in controversy. Elhouty v. Lincoln Benefit Life Co., 886 F.3d 752, 756 (9th Cir. 2018). Plaintiff alleges the policy's face amount is $100,000. (ECF No. 1 at ¶ 3.) Accordingly, plaintiff has properly alleged that the amount in controversy exceeds $75,000. Plaintiff also alleges it is an Iowa corporation with a principal place of business in Iowa, while defendant is a citizen of California. (Id. ¶¶ 1-2.) Accordingly, there is complete diversity among the parties and the court has subject matter jurisdiction.

////

2. Existence of a "case of actual controversy"

The Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations" of parties to a "case of actual controversy." 2 8 U.S.C. § 2201; see also Spokane Indian Tribe v. U.S., 972 F.2d 1090, 1091 (9th Cir.1992). "First, the court must inquire whether there is a case of actual controversy within its jurisdiction." Am. States Ins. Co. v. Kearns, 15 F.3d 142, 143 (9th Cir.1994) (citations omitted). The test is "whether 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 671 (9th Cir.2004) (quoting Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941).

The complaint alleges that defendant is the primary beneficiary under a life insurance policy and made a claim for the policy's death benefit after the policyholder's death. (ECF No. 1 at ¶ 25.) On November 22, 2022, plaintiff notified defendant that it was denying her claim related to the policy and that defendant was entitled to rescind the policy because it would not have issued the policy if truthful responses had been provided to questions about the policyholder's medical and health history on the application. (Id. at ¶ 34.) To date, defendant has not agreed to the rescission of the policy. (Id. at ¶ 35.) Prior to filing this action, plaintiff tendered a full and complete refund of all premium, plus interest, paid on the policy via a check to defendant in the amount of $42.17. (Id. at ¶ 36.) Because defendant made a claim for death benefits under the policy, and has not agreed to rescind the policy, the undersigned finds that there is now more than "an abstract or hypothetical disagreement" over the issues of whether the policy should be declared rescinded. The undersigned thus finds that there is a case or controversy.

3. Exercise of Discretion

"[I]f there is a case or controversy within its jurisdiction, the court must decide whether to exercise that jurisdiction. The statute gives discretion to courts in deciding whether to entertain declaratory judgments; it states that the court 'may declare the rights ... of any interested party.' " Am. States Ins., 15 F.3d at 144-45 (quoting 28 U.S.C. § 2201(a) (emphasis added)). However, "when other claims are joined with an action for declaratory relief (e.g., ... rescission ...), the

6

district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief.  If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation." Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225-26 (9th Cir.1998). Here, plaintiff seeks declaratory relief rescinding the policy and the undersigned is unaware of any pending state court litigation.  Accordingly, the undersigned finds it proper to exercise jurisdiction over the recission claim.

4. Personal Jurisdiction

a) Basis for Personal Jurisdiction

To enter default judgment, the court must have a basis for the exercise of personal jurisdiction over the defendant in default.  In re Tuli, 172 F.3d at 712.  "Without a proper basis for [personal] jurisdiction, or in the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process." S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007).  Traditional bases for conferring a court with personal jurisdiction include a defendant's consent to jurisdiction, personal service of the defendant within the forum state, or a defendant's citizenship or domicile in the forum state.  J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 880 (2011).  As defendant is a resident of California, the court has personal jurisdiction over her.

b) Service of Process

Personal jurisdiction also requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950).  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Federal Rule of Civil Procedure 4]." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988).  As defendant was personally served with a copy of the summons and complaint, the undersigned finds service was proper under Federal Rule of Civil Procedure 4.  (ECF No. 11.)

### B. The Eitel Factors Weigh in Favor of Granting Default Judgment

#### 1. *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without another recourse against defendant. Accordingly, the first Eitel factor favors the entry of a default judgment.

#### 2. *Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint*

The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

Plaintiff seeks rescission of the life insurance policy based on material misrepresentations in the policyholder's application. California Insurance Code § 359 provides that "[i]f a representation is false in a material point, whether affirmative or promissory, the injured party is entitled to rescind the contract from the time the representation becomes false." With regard to applicants for life or disability insurance, insureds are bound by statements made in an application when the application is attached to or endorsed on a policy when issued. See Cal. Ins. Code §§ 10113, 10381.5.

Under California law, "a material misrepresentation or concealment in an insurance application, whether intentional or unintentional, entitles the insurer to rescind the insurance policy ab initio." W. Coast Life Ins. Co. v. Ward, 132 Cal. App. 4th 181, 186–87 (2005) (citing O'Riordan v. Fed. Kemper Life Assurance, 36 Cal.4th 281, 286–87 (2005)). This rule has been codified in the California Insurance Code. See Cal. Ins. Code § 331. "Materiality is determined solely by the probable and reasonable effect which truthful answers would have had on the insurer." Thompson v. Occidental Life Ins. Co., 9 Cal.3d 904, 916 (1973); see also Cal. Ins.

1  Code § 334.  The fact that an insurer has demanded answers to specific questions on an
2  application for insurance is usually sufficient to establish the materiality of that information as a
3  matter of law.  W. Coast Life Ins. Co., 132 Cal. App. 4th at 187 (quoting Old Line Life. Ins. Co.
4  v. Superior Court, 229 Cal. App. 3d 1600, 1603–04 (1991)).
5       Here, Questions 9, 12, and 15 in the policy application asked whether in the past twelve
6  months the policyholder had been diagnosed with a medical condition, had been proscribed
7  treatment, or been admitted to a hospital.  (ECF No. 1 at ¶¶ 8, 10, 12.)  The policyholder
8  responded to each of these questions in the negative, indicating that he had not been diagnosed
9  with a medical condition, had not been proscribed treatment, and had not been admitted to a
10 hospital in the past twelve months.  (Id. at ¶¶ 9, 11, 13.)  However, the policyholder's health was
11 in critical condition at the time of the application.  (Id. at ¶ 30.)  In fact, plaintiff alleges that at the
12 time the application was submitted, the policyholder's health was so critical that "it is highly
13 unlikely Ali was physically capable of applying for the Policy himself, as required by the online
14 Application."  (Id.)  These factual allegations are sufficient to support plaintiff's claim that it
15 reasonably relied on material misrepresentations/omissions in the policyholder's life insurance
16 application, and that it is entitled to rescission of the policy.  Had plaintiff known that the
17 policyholder's health was in critical condition at the time of application, which the answer to
18 Questions 9, 12, and 15 should have revealed, it would have declined coverage.  Accordingly, the
19 second and third Eitel factors favor the entry of a default judgment.
20            3.    *Factor Four: The Sum of Money at Stake in the Action*
21       Under the fourth factor cited in Eitel, "the court must consider the amount of money at
22 stake in relation to the seriousness of Defendant's conduct."  PepsiCo, Inc., 238 F. Supp. 2d at
23 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D.
24 Cal. 2003).  Here, plaintiff seeks no monetary damages against defendant, but requests only that
25 the court rescind an insurance policy.  This factor weighs in favor of entry of default judgment.
26 See Am. Gen. Life Ins. Co. v. Johnson, No. CV 14–4169 DSF (RZx), 2015 WL 13047562, at *2
27 (C.D. Cal. Feb. 10, 2015).  See also Certain Underwriters at Lloyds, London, 2011 WL 6002916,
28

at *4 (E.D. Cal. Nov. 30, 2011) ("Since plaintiff only seeks rescission and declaratory relief, the amount of money at stake is not at issue.").

        4.      *Factor Five: The Possibility of a Dispute Concerning Material Facts*

Because the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, there is no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177.  As such, the court concludes that the fifth Eitel factor favors a default judgment.

        5.      *Factor Six: Whether the Default Was Due to Excusable Neglect*

There is no indication in the record that defendant's default was due to excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

        6.      *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible."  Eitel, 782 F.2d at 1472.  However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010).  Further, as plaintiff only seeks to rescind its insurance policy, rather than seek damages against defendant, the court finds that defendant will not be overly prejudiced by this default.  See, e.g., United Specialty Insurance Co., 2016 WL 4434479, at *2.

In sum, after considering and weighing all the Eitel factors, the court concludes that plaintiff is entitled to a default judgment against defendant, and recommends that such a default judgment be entered.

////

**FINDINGS AND RECOMMENDATIONS**

IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's motion for default judgment against Defendant (ECF No. 14) be granted;

2. The district court enter judgment against Defendant and order that North American Company for Life and Health Insurance Policy No. LB42209912 issued to Defendant is rescinded and set aside as null and void ab initio; and

3. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**ORDER**

It is HEREBY ORDERED that the March 18, 2024, ECF No. 20, findings and recommendations are WITHDRAWN. This order does not vacate or modify the court order directing the clerk of court to assign a district judge to this action.

Dated: March 29, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21.lata.0574